UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABKCO MUSIC, INC., COLGEMS-EMI MUSIC INC., EMI ALGEE MUSIC CORP., EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC INC., EMI CONSORTIUM MUSIC PUBLISHING, INC. d/b/a EMI FULL KEEL MUSIC, EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC, EMI FEIST CATALOG INC., EMI ROBBINS CATALOG INC., EMI UNART CATALOG INC., JOBETE MUSIC CO., INC., SCREEN-GEMS-EMI MUSIC INC., STONE AGATE MUSIC, STONE DIAMOND MUSIC CORP., IMAGEM MUSIC LLC, PEER INTERNATIONAL CORPORATION, PSO LIMITED, PEERMUSIC LTD., PEERMUSIC III, LTD., SONGS OF PEER, LTD., SPIRIT CATALOG HOLDINGS S.A.R.L., SPIRIT TWO MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP. and WB MUSIC CORP.,

    Plaintiffs/Counterclaim-
    Defendants,

  -against-

WILLIAM SAGAN, NORTON LLC, BILL GRAHAM ARCHIVES, LLC d/b/a WOLFGANG'S VAULT, BILL GRAHAM ARCHIVES, LLC d/b/a CONCERT VAULT, BILL GRAHAM ARCHIVES, LLC d/b/a MUSIC VAULT and BILL GRAHAM ARCHIVES, LLC d/b/a DAYTROTTER,

    Defendants/Counterclaim-
    Plaintiffs.
------------------------------------------------------------X

Case No. 15 Civ. 04025 (ER) (HBP)

Hon. Edgardo Ramos

Hon. Henry B. Pitman

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO FILE A SUPPLEMENTAL PLEADING**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................2

ARGUMENT..................................................................................................................................6

I.     APPLICABLE STANDARDS..........................................................................................6

II.    PLAINTIFFS SATISFY THE "LIBERAL" RULE 15(d) STANDARD..........................7

III.   DEFENDANTS CANNOT DEMONSTRATE ANY OF THE FACTORS NECESSARY TO WARRANT DENIAL OF PLAINTIFFS' MOTION.........................9

CONCLUSION.............................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*,
    34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014) ...............................................................................11

*Abkco Music, Inc. v. Scali, McCabe, Sloves, Inc.*,
    No. 86 Civ. 3203 (RWS), 1987 U.S. Dist. LEXIS 11427
    (S.D.N.Y. Dec. 11, 1987) ..................................................................................................8, 10

*Anderson v. Spizziota*,
    No. 11-5663 (SJF) (SIL), 2016 U.S. Dist. LEXIS 18600
    (E.D.N.Y. Feb. 12, 2016) ........................................................................................................9

*Balenciaga Am., Inc. v. Dollinger*,
    No. 10 Civ. 2912 (LTS), 2010 U.S. Dist. LEXIS 107733
    (S.D.N.Y. Oct. 8, 2010) ...........................................................................................................5

*Bornholdt v. Brady*,
    869 F.2d 57 (2d Cir. 1989) ..................................................................................................6, 8

*Chang v. Phoenix Satellite TV (US), Inc.*,
    No. 14-CV-2686 (PKC), 2014 U.S. Dist. LEXIS 136535
    (S.D.N.Y. Sept. 22, 2014) .....................................................................................................11

*Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*,
    282 F.R.D. 292 (E.D.N.Y. 2012) ..........................................................................................10

*Eison v. Kallstrom*,
    75 F. Supp. 2d 113 (S.D.N.Y. 1999) .......................................................................................6

*Energy Intelligence Grp., Inc. v. Jefferies*, LLC,
    101 F. Supp. 3d 332 (S.D.N.Y. 2015) .....................................................................................5

*Jian Lin v. Toyo Food*,
    No. 12-CV-7392, 2016 U.S. Dist. LEXIS 114766
    (S.D.N.Y. Aug. 25, 2016) .....................................................................................................11

*Judge v. N.Y.C. Police Dep't*,
    No. 05 Civ. 2440 (JSR) (RLE), 2008 U.S. Dist. LEXIS 99799
    (S.D.N.Y. Dec. 8, 2008) ........................................................................................................12

*Kahn v. GMC*,
    865 F. Supp. 210 (S.D.N.Y. 1994) ..........................................................................................8

*Ke v. 85 Fourth Ave., Inc.*,
   No. 07 Civ. 6897 (BSJ) (JCF), 2009 U.S. Dist. LEXIS 8141
   (S.D.N.Y. Jan. 22, 2009) ...................................................................................................8

*Lennon v. Seaman*,
   No. 99 Civ. 2664 (LBS) (JCF), 2001 U.S. Dist. LEXIS 2798
   (S.D.N.Y. Mar. 16, 2001) ........................................................................................ 7, 10, 11

*Marathon Ashland Petroleum LLC v. Equili Co.*,
   No. 00 Civ. 2935 (JSM)(KNF), 2002 U.S. Dist. LEXIS 7142
   (S.D.N.Y. Apr. 22, 2002) ...................................................................................................6

*Motion Picture Projectionists, Video Technicians & Allied Craft Union Local 306
   v. RKO Century Warner Theatres*, No. 97 Civ. 4758 (RPP),
   1998 U.S. Dist. LEXIS 12580 (S.D.N.Y. Aug. 14, 1998).....................................................8

*Primetime 24 Joint Venture v. DirecTV, Inc.*,
   No. 99 Civ. 3307 (RMB)(MHD), 2000 U.S. Dist. LEXIS 5022
   (S.D.N.Y. Apr. 20, 2000) ..................................................................................................11

*Quaratino v. Tiffany & Co.*,
   71 F.3d 58 (2d Cir. 1995) ............................................................................................6, 7, 9

*Quentin Grp. LLC v. Interlink Prods. Int'l Inc.*,
   No. 97 Civ. 0108 (SC), 1997 U.S. Dist. LEXIS 8023
   (S.D.N.Y. June 9, 1997) ................................................................................... 6, 9, 10, 12

*Rivers v. N.Y.C. Hous. Auth.*,
   No. 2011-5065 (KAM)(MDG), 2014 U.S. Dist. LEXIS 45106
   (E.D.N.Y. Mar. 31, 2014)..................................................................................................11

*Weeks v. New York State*,
   273 F.3d 76 (2d Cir. 2001) .................................................................................................6

*Witkowich v. Gonzales*,
   541 F. Supp. 2d 572 (S.D.N.Y. 2008) ........................................................................... 6, 10

**Other Authorities**

Fed. R. Civ. P. 15(d) ..............................................................................................*passim*

Plaintiffs/Counterclaim-Defendants ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for leave to file a supplemental pleading, pursuant to Federal Rule of Civil Procedure 15(d), to add new allegations to their Complaint against Defendants/Counterclaim-Plaintiffs William Sagan, Norton LLC, and Bill Graham Archives, LLC ("Defendants").

## PRELIMINARY STATEMENT

This action concerns Defendants' unauthorized exploitation of musical compositions, which are owned or controlled by Plaintiffs, through a series of websites on which Defendants offer for download and otherwise exploit audio recordings and video footage of concert performances featuring such compositions. Approximately three months ago—and nearly a year and a half after Plaintiffs commenced this action in May 2015—Defendants launched a new website, Wolfgangs.com, which, like Defendants' other websites, exploits Plaintiffs' musical compositions without their authorization. Plaintiffs now seek to supplement their Complaint with allegations concerning that new Wolfgangs.com website, so that, to the extent Defendants' activities in connection with that site are found to infringe the compositions at issue, Plaintiffs may obtain recovery for such infringement.

Federal Rule of Civil Procedure 15(d) exists precisely so that a plaintiff may supplement its pleading under these circumstances. Pursuant to that rule, parties are free to supplement their pleadings with allegations regarding "any transaction, occurrence, or event that happened after the date of the pleading" that is connected to events discussed therein. Plaintiffs easily satisfy that liberal standard, as the proposed supplemental allegations are limited to the *same* parties, the *same* copyrights, the *same* musical compositions, the *same* cause of action, and the *same* theory of infringement.

Given the obvious connection to the original Complaint and in an effort to address this matter efficiently and expeditiously, Plaintiffs proposed to Defendants that the parties enter into a stipulation to bring within the ambit of the Complaint Defendants' activities in connection with the new Wolfgangs.com website—but Defendants refused to agree. There can be no question, however, that the new allegations are appropriate under Rule 15(d), and no valid grounds exist for denying the motion. Indeed, Plaintiffs properly and promptly moved for leave to supplement approximately two months after Defendants rejected the proposed stipulation; no conceivable prejudice would result from the new allegations, as they will not substantially alter the nature of the litigation nor delay a trial of this action; nor would supplementation be futile, as the proposed Supplemental Complaint continues to state a viable cause of action for infringement. Accordingly, Plaintiffs respectfully request that the Court permit filing of the proposed Supplemental Complaint submitted herewith.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs commenced this action against Defendants on May 27, 2015 (Dkt. No. 1) (the "Complaint" or "Compl."). In their Complaint, Plaintiffs assert a claim for copyright infringement under 17 U.S.C. § 101 *et seq.* arising from "Defendants' massive commercial exploitation of Plaintiffs' copyrighted musical compositions" through the unauthorized synchronization, transmission, reproduction, distribution, and purported licensing of such musical compositions without "acquir[ing] the requisite rights from the appropriate parties to carry on [their] illicit business." (Compl. ¶¶ 2-9). The musical compositions (the "Musical

2

Works") that are the subject of Plaintiffs' infringement claim are identified in Exhibit A to the Complaint.[1]

Among other things, Plaintiffs allege that Defendants have at various times distributed and made available for on-demand streaming and/or download concert videos and audio recordings of Plaintiffs' Musical Works across multiple websites that Defendants own and operate—including "Concert Vault," "Music Vault," various "Music Vault"-branded "channels" on the YouTube platform, and "Wolfgang's Vault." (Compl. ¶¶ 56-89). As of the time Plaintiffs filed their Complaint in May 2015, the Wolfgang's Vault website was operational and accessible via the URL www.wolfgangsvault.com. (*Id*. ¶ 83).

However, in November 2016, Defendants launched a new website branded as "Wolfgang's," located at the URL www.wolfgangs.com (the "Wolfgangs.com Website"), and re-directed web traffic from www.wolfgangsvault.com to www.wolfgangs.com. (Dickstein Decl. ¶¶ 3-4 & Ex. C; *compare id.* Ex. D (October 2016 snapshot of www.wolfgangsvault.com), *with id.* Ex. E (December 2016 snapshot of www.wolfgangs.com)).[2] As with the other websites referenced above and described in greater detail in Plaintiffs' Complaint, the Wolfgangs.com Website is also exploiting without proper authorization many (if not all) of the Musical Works already at issue in this action by offering on-demand streaming of recorded concert performances of those works. (*Id*. ¶ 5). Defendants did not disclose this new website during discovery or otherwise advise Plaintiffs that they were directing web traffic from the "Wolfgang's Vault" domain to the Wolfgangs.com Website. (*Id*.). Plaintiffs discovered the new Wolfgangs.com Website only through public announcements made by Defendants.

---

[1] The parties later stipulated to an amended Exhibit A to correct information concerning certain of the musical works listed in the original Exhibit A. (Dkt. No. 42).

[2] "Dickstein Decl." refers to the Declaration of Tal E. Dickstein, submitted concurrently herewith.

On December 1, 2016, Plaintiffs contacted Defendants to propose a stipulation to confirm that Defendants' activities in connection with the new Wolfgangs.com Website were within the ambit of the litigation. (*Id.* ¶ 6). That proposed stipulation provided that "to the extent Defendants' activities in connection with the Wolfgangs.com Website are found to infringe any of the works listed on Amended Exhibit A to the Complaint, Plaintiffs may seek recovery for such infringements in this action." (*Id.* Ex. F). In so proposing, Plaintiffs sought to avoid the time and expense of a motion to supplement the Complaint—and the concomitant waste of party and judicial resources. (*Id.* ¶ 6; Dkt. No. 55, at 10).

On December 14, Defendants responded that "[a]t this point, we will not stipulate to this" (Dickstein Decl. Ex. G, at 5), and later reiterated their refusal at a Court conference on December 20. Plaintiffs thereafter informed the Court that they would move for leave to supplement their Complaint. (*Id.* Ex. H, at 74:21-75:4 (COURT: "[T]he Court can't issue an order directing someone to stipulate to something." MR. DICKSTEIN: "I understand that, Your Honor. I thought maybe as part of discussions here, we could all agree that this stipulation would be the most efficient way to proceed. But if we need to move to supplement, well, that's what we'll do.")).

Concurrent with this process, on December 16, Plaintiffs requested that Defendants supplement their discovery responses to include information concerning concert recordings of Musical Works on the new Wolfgangs.com Website (among other websites), including by updating charts they had produced showing the source of each concert recording, the dates of publication on Defendants' websites, dates when the recordings were downloaded and/or streamed, and dates of purported notices of intention to obtain compulsory licenses for each concert performance. (Dkt. No. 59-3; Dkt. No. 69, at 2-3). Defendants refused to do so, and

Plaintiffs sought an Order from the Court compelling such discovery. (Dkt. No. 59, at 4; Dkt. No. 69, at 2-4). On February 15, 2017, the Court granted Plaintiffs' request, and ordered Defendants to supplement their discovery responses by March 16. (Dkt. No. 85).

As set forth in the proposed Supplemental Complaint (*see* Dickstein Decl. Ex. A; *see also id.* Ex. B (redline identifying new allegations)), Plaintiffs now seek to include additional allegations in support of their copyright infringement claim regarding Defendants' audio streaming services on the Wolfgangs.com Website. Specifically, Plaintiffs seek to allege that Defendants have made available for streaming on that website audio recordings of concert performances of various Musical Works without Plaintiffs' permission and authorization; that Defendants have collected revenue in the form of paid subscriptions and banner advertisements displayed on the Wolfgangs.com Website; and that Defendants have improperly licensed third parties to use and exploit such recordings. Plaintiffs' proposed Supplemental Complaint alleges infringement of the same Musical Works that are already at issue in the original Complaint.[3]

---

[3] In their initial Complaint and later in the amended Exhibit A, Plaintiffs provided non-exhaustive examples of links to concert recordings of the infringed compositions on Defendants' websites. Such examples, however, are not necessary to plead a cause of action for copyright infringement, as the claimed infringement is not limited to specific concert performances available via such links, but rather *any* infringements of the compositions embodied therein. Moreover, Defendants have, over time, changed the links and domains at which the infringing concert performances are located. Accordingly, Plaintiffs are not required to provide examples of links to the new Wolfgangs.com Website in their proposed Supplemental Complaint. *See, e.g.*, *Energy Intelligence Grp., Inc. v. Jefferies*, LLC, 101 F. Supp. 3d 332, 339-40 (S.D.N.Y. 2015) (holding that plaintiffs' identification of copyrighted works and allegation that they were improperly downloaded stated a claim for copyright infringement because the "complaint need not specify which copyright is infringed by which act") (internal quotation marks omitted); *Balenciaga Am., Inc. v. Dollinger*, No. 10 Civ. 2912 (LTS), 2010 U.S. Dist. LEXIS 107733, at *20-22 (S.D.N.Y. Oct. 8, 2010) (holding that plaintiffs stated a claim for trademark infringement where they identified the websites on which counterfeit products were sold but did not provide examples of links to specific sales pages).

**ARGUMENT**

**I.    APPLICABLE STANDARDS**

Rule 15(d) of the Federal Rules of Civil Procedure permits a party, upon motion and reasonable notice, to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Quentin Grp. LLC v. Interlink Prods. Int'l Inc.*, No. 97 Civ. 0108 (SC), 1997 U.S. Dist. LEXIS 8023, at *5-6 (S.D.N.Y. June 9, 1997) (party may supplement complaint "when subsequent events make it necessary to do so") (internal quotation marks omitted).

The "threshold consideration" for the district court to consider in determining whether to grant leave pursuant to Rule 15(d) "is whether the supplemental facts connect [the supplemental pleading] to the original pleading." *Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2001) (alteration in original; internal quotation marks omitted). The new facts raised in the supplemental pleading "do not need to arise out of the same transaction or occurrence as the original [claim]; they need only bear some relationship to the subject of the original pleading." *Eison v. Kallstrom*, 75 F. Supp. 2d 113, 116 (S.D.N.Y. 1999) (internal quotation marks omitted); *accord Marathon Ashland Petroleum LLC v. Equili Co.*, No. 00 Civ. 2935 (JSM) (KNF), 2002 U.S. Dist. LEXIS 7142, at *15 (S.D.N.Y. Apr. 22, 2002). Accordingly, the standard under Rule 15(d) is a "liberal" one, "favoring a merit-based resolution of the entire controversy between the parties." *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) (internal quotation marks omitted); *see Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) ("permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties"). Such motions should be "freely granted" absent "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed

6

pleading, or futility." *Quaratino*, 71 F.3d at 66.  As a general rule, applications for leave to file such a pleading are "normally granted, especially when the opposing party is not prejudiced by the supplemental pleading," *id*.

## II.   PLAINTIFFS SATISFY THE "LIBERAL" RULE 15(d) STANDARD

Plaintiffs should be granted leave pursuant to Rule 15(d) because their supplemental allegations (*see* Dickstein Decl. Exs. A-B) concern acts committed by Defendants after the commencement of this action relating directly to the allegations in the initial Complaint.

As set forth above, Defendants did not even begin exploiting the Musical Works through the Wolfgangs.com Website until November 2016—approximately a year and a half after Plaintiffs commenced this action in May 2015.  Furthermore, there can be no question that the supplemental allegations "bear some relationship to the subject of the original pleading." *Eison*, 75 F. Supp. 2d at 116.  Plaintiffs have already alleged infringement of their copyrights in these same Musical Works through, *inter alia*, Defendants' dissemination of these same concert recordings, and now propose allegations regarding the new website through which such dissemination is occurring.  The supplemental allegations concern the *same* parties, the *same* Musical Works, the *same* copyrights, the *same* cause of action, and the *same* theory of infringement identified in the original pleading.   Plaintiffs merely seek to preclude Defendants from any further "shell game" activities in which they move their copyright pea to a different shell in the hopes of avoiding liability for their infringement.

Courts in this District have granted motions to supplement in nearly identical circumstances.  *See, e.g.*, *Lennon v. Seaman*, No. 99 Civ. 2664 (LBS) (JCF), 2001 U.S. Dist. LEXIS 2798, at *3-6 (S.D.N.Y. Mar. 16, 2001) (where initial pleading alleged that defendant infringed plaintiff's copyrights in photographs by displaying and disseminating them in literary publications, court permitted plaintiff to supplement pleading with allegations that defendant

7

displayed same photographs in new publications released after commencement of action); *Abkco Music, Inc. v. Scali, McCabe, Sloves, Inc.*, No. 86 Civ. 3203 (RWS), 1987 U.S. Dist. LEXIS 11427, at *1-3 (S.D.N.Y. Dec. 11, 1987) (where initial pleading alleged defendants infringed plaintiffs' copyright in musical composition, court permitted plaintiff to supplement pleading with allegations concerning supplemental registration for same composition obtained after commencement of action); *see also Kahn v. GMC*, 865 F. Supp. 210, 215 (S.D.N.Y. 1994) (granting motion to supplement pleadings where plaintiff sought to "allege continuing infringements" of same patents by same defendants after commencement of action).

Furthermore, permitting Plaintiffs to supplement their pleading would "promote the economic and speedy disposition of the controversy between the parties." *Bornholdt*, 869 F.2d at 68. Absent a supplemental pleading, Plaintiffs would be forced to file a separate action asserting the same legal claim against the same Defendants relating to the same Musical Works, in order to ensure that they can seek recovery in connection Defendants' activities on the Wolfgangs.com Website. Forcing Plaintiffs to do so would needlessly waste judicial resources, duplicate the parties' costs, and risk inconsistent judgments. The efficiencies of supplementation weigh strongly in favor of granting Plaintiffs' motion. *See, e.g.*, *Ke v. 85 Fourth Ave., Inc.*, No. 07 Civ. 6897 (BSJ) (JCF), 2009 U.S. Dist. LEXIS 8141, at *11 (S.D.N.Y. Jan. 22, 2009) (granting motion to supplement complaint, and holding plaintiff should not be "required to commence a second litigation, file new pleadings, engage in discovery from scratch, face additional motion practice, and participate in another trial, all in connection with a retaliation claim that flows directly from the wage and hour claims at issue here"); *Motion Picture Projectionists, Video Technicians & Allied Craft Union Local 306 v. RKO Century Warner Theatres*, No. 97 Civ. 4758 (RPP), 1998 U.S. Dist. LEXIS 12580, at *12 (S.D.N.Y. Aug. 14,

8

1998) (granting cross-motions to supplement pleadings with allegations relating to arbitration that was subject of initial complaint because "such supplementation will promote the economic and speedy disposition of the controversy between the parties").

### III. DEFENDANTS CANNOT DEMONSTRATE ANY OF THE FACTORS NECESSARY TO WARRANT DENIAL OF PLAINTIFFS' MOTION

As noted above, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to file a supplemental pleading] should be freely granted."  *Quaratino*, 71 F.3d at 66.  None of these factors are applicable here, and, accordingly, Plaintiffs' motion should be granted.

First, Plaintiffs did not unduly delay in moving for leave to supplement, nor exhibit any dilatory behavior in bringing their motion.  To the contrary, Plaintiffs brought their motion approximately three months after discovering the Wolfgangs.com Website and approximately two months after the December 20 discovery conference at which Defendants inexplicably refused to stipulate that Plaintiffs may recover for infringement on the Wolfgangs.com Website and it became apparent that motion practice would be necessary.  This can hardly be considered an undue delay.  Courts have granted Rule 15(d) motions following periods substantially longer than two months.  *See, e.g.*, *Anderson v. Spizziota*, No. 11-5663 (SJF) (SIL), 2016 U.S. Dist. LEXIS 18600, at *100 (E.D.N.Y. Feb. 12, 2016) (finding no undue delay where plaintiff "move[d] to supplement his complaint . . . almost two years after the events giving rise to the grievances"), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 44821 (E.D.N.Y. Mar. 31, 2016); *Quentin Grp.,* 1997 U.S. Dist. LEXIS 8023, at *7-8 (holding that "five-month hiatus" between becoming aware of need to supplement and moving to supplement did not constitute undue delay, stating that courts have excused delays of up to three years, and collecting cases).

9

In any event, "[m]ere delay . . . absent a showing of bad faith or undue prejudice," does not provide a basis" for denying this motion. *Quentin Grp.,* 1997 U.S. Dist. LEXIS 8023, at *7 (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 297 (E.D.N.Y. 2012). There is simply *no* evidence to suggest that Plaintiffs have brought this motion in bad faith, nor, as explained below, that the motion will result in prejudice to any party. To the contrary, as explained above, Plaintiffs proposed addressing this issue by stipulation precisely so that the parties and the Court could *avoid* the time and expense of motion practice.

Second, Defendants will not suffer any conceivable prejudice—let alone *undue* prejudice—if Plaintiffs are allowed to supplement their Complaint. The new allegations here will not result in any surprise to Defendants, as they concern Defendants' own activities, which they did not announce publicly (nor to Plaintiffs) until November 2016. *See Lennon*, 2001 U.S. Dist. LEXIS 2798, at *9; *see also Witkowich*, 541 F. Supp. 2d at 590-591 (no prejudice where defendants were "on notice" of supplemental claim since plaintiff's deposition). Nor will these allegations substantially alter the nature of the litigation or require significant additional discovery, as they implicate the same copyrights in the same Musical Works identified in the initial Complaint that are already the subject of ongoing discovery—indeed, the Court has *already* ordered Defendants to supplement their discovery responses with information concerning recordings on the new Wolfgang's Website. *See Abkco Music*, 1987 U.S. Dist. LEXIS 11427, at *1-3 (rejecting argument that supplemental pleading would result in "extensive additional discovery and significantly complicate and lengthen the trial of this action" because the question of whether plaintiff holds a protected interest in the composition "has been a legal issue from this lawsuit's inception").

10

But even if the supplemental allegations do require additional discovery beyond what the Court has already ordered, Defendants' "burden of undertaking discovery, standing alone, does not suffice to warrant denial" of the motion. *Lennon*, 2001 U.S. Dist. LEXIS 2798, at *14 (quoting *United States v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)); *see A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, 34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014) ("allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice") (alterations and internal quotation marks omitted). To give rise to prejudice, the additional discovery must be so onerous that it delays trial or otherwise substantially extends the duration of the litigation. *See, e.g.*, *Rivers v. N.Y.C. Hous. Auth.*, No. 2011-5065 (KAM) (MDG), 2014 U.S. Dist. LEXIS 45106, at *17 (E.D.N.Y. Mar. 31, 2014) (denying motion to supplement where "discovery has closed and a briefing schedule had been set for defendants' summary judgment motions"). There is no indication here that additional discovery—to the extent it is even necessary—would result in any such delay, as discovery is ongoing and no trial date has been set. Accordingly, ample time remains to address any additional issues that may arise. *See Jian Lin v. Toyo Food*, No. 12-CV-7392, 2016 U.S. Dist. LEXIS 114766, at *10 (S.D.N.Y. Aug. 25, 2016) (finding no prejudice where "no motions for summary judgment have been filed, nor has a trial date been set," and collecting cases).[4]

Third, there are no colorable arguments for denying the motion on the ground of futility. Supplementation is futile only if the new pleading cannot "withstand a motion to dismiss

---

[4] *See also, e.g.*, *Chang v. Phoenix Satellite TV (US), Inc.*, No. 14-CV-2686 (PKC), 2014 U.S. Dist. LEXIS 136535, at *22-23 (S.D.N.Y. Sept. 22, 2014) (finding no prejudice because "fact discovery is still ongoing" and "[defendant] would not be unduly prejudiced in responding to the additional claims at this stage in the litigation"); *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99 Civ. 3307 (RMB)(MHD), 2000 U.S. Dist. LEXIS 5022, at *24 (S.D.N.Y. Apr. 20, 2000) (finding no prejudice because "additional discovery, although possibly necessary, will not materially delay the completion of pretrial proceedings in this case" and "even if additional depositions are necessary, there is time to complete them").

pursuant to Rule 12(b)(6)." *Judge v. N.Y.C. Police Dep't*, No. 05 Civ. 2440 (JSR) (RLE), 2008 U.S. Dist. LEXIS 99799, at *6-7 (S.D.N.Y. Dec. 8, 2008) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).  Defendants, however, did not move under Rule 12(b)(6) to dismiss Plaintiffs' copyright infringement claim.  Plaintiffs' new allegations could not conceivably warrant dismissal under Rule 12(b)(6), as they relate to the same claim and implicate the same factual issues in dispute.  *Cf. Quentin Grp.,* 1997 U.S. Dist. LEXIS 8023, at *10 ("[O]n a Rule 15 motion, any inquiry into the merits of the claim is limited" and "[t]o overcome objections of futility, the plaintiff must merely show that it has 'at least colorable grounds for relief.'") (quoting *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984)).

Accordingly, there is no basis on which to deny Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant them leave pursuant to Federal Rule of Civil Procedure 15(d) to file the proposed Supplemental Complaint attached as Exhibit A to the accompanying Declaration of Tal E. Dickstein.

Dated:   New York, New York
        February 22, 2017

                        LOEB & LOEB LLP

                        By:  */s/ Tal E. Dickstein*
                            Barry I. Slotnick (BS-9796)
                            Christian D. Carbone (CC-6502)
                            Tal E. Dickstein (TD-0928)
                            Sarah Schacter (SS-0617)
                            345 Park Avenue
                            New York, New York 10154
                            (212) 407-4000

                            *Attorneys for Plaintiffs/Counterclaim-*
                            *Defendants*

12394844