

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**MICHAEL S. ELKIN**
212-294-6728
melkin@winston.com

November 21, 2017

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:  *ABKCO Music, Inc. et al., v. Sagan et al.,* Case No. 15 Civ. 04025 (ER) (HBP)

Dear Judge Ramos:

We write on behalf of Defendants Bill Graham Archives, LLC d/b/a/ Wolfgang's Vault and Norton, LLC (the "WV Defendants") and William E. Sagan (collectively, "Defendants"). In accordance with Individual Practice Rule 2(A)(ii) of this Court, we respectfully request that the Court set a pre-motion conference to discuss Defendants' anticipated Motion to Strike Improperly Produced Documents Pursuant to Rule 37(c) and to Strike Improper New Matter in Reply, or Permit Sur-Reply (the "Motion") as soon as the matter may be heard. Defendants seek to strike eleven new documents that were not produced during discovery (or indeed at any time prior to Plaintiffs' filing their Reply brief), and seek to strike a new legal theory that Plaintiffs raised for the first time in reply; or, alternatively, ask that the Court permit Defendants a sur-reply to address Plaintiffs' improper new matter.

**I.  Plaintiffs' Reply improperly introduces eleven new documents that were not previously produced.**

Simultaneously with Plaintiffs/Counter-Defendants' Reply in Further Support of their Cross-Motion or Summary Judgment and for a Permanent Injunction ("Plaintiffs' Reply"), Plaintiffs submitted eleven new documents amounting to over 500 pages. These documents were produced well after the close of fact discovery, without seeking leave of the Court, and without providing Defendants with prior notice or an opportunity to review, challenge or investigate the documents. The documents are presumably being produced now in an attempt to fix errors in certain of Plaintiffs' chains of title. However, even if this Court were to allow this new evidence to come forward, the documents fail to mend the majority of Plaintiffs' broken links.

A party's failure to timely provide discovery, "as required by Rule 26(a) or (e)," means "the party is not allowed to use that information or witness to supply evidence on a motion… unless the

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs' failure is neither. "To determine whether evidence should be precluded, a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, No. 05 Civ. 10868(DC), 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Plaintiffs' failure to previously produce the requisite documents is not justified. In this case, Defendants specifically requested "[a]ll documents concerning chain of title for any and all of the copyrights claimed by [Plaintiffs] in this Action" more than two years ago. Plaintiffs agreed to produce non-privileged, non-work product documents "sufficient to establish their ownership or control of copyrights in and to each of the musical works at issue." They nonetheless failed to produce these documents for two years, only to produce them, without comment, simultaneously with their Reply—well past the proverbial eleventh hour. Plaintiffs failed to notify Defendants or the Court before producing the documents, failed even to mention in a cover letter or their Reply brief that they were doing so, and failed to offer any explanation or justification for their two-year silence. Nor was Plaintiffs' failure to timely produce the documents "harmless," since the timing of the production and Plaintiffs' failure to provide any prior notice deprived Defendants of a meaningful opportunity to review, investigate, or challenge the documents.

These are documents that should have been produced long ago and should not be introduced at this stage of litigation. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352(HB), 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("It is established beyond peradventure that it is improper to sandbag one's opponent by raising new [evidentiary] matter in reply.") (citation omitted). Defendants' Motion would ask the Court to strike and refuse to consider Plaintiffs' declarations and exhibits that rely on documents Bates numbered PLAINTIFFS0058743 – 59250, along with corresponding pages in Plaintiffs' Reply brief.

**II.   Plaintiffs should not be permitted to raise new arguments in reply.**

Plaintiffs' Reply improperly raises a new argument that because "[Defendants] do not claim to own any of the Works [at issue] themselves, [they] therefore lack standing to challenge Plaintiffs' ownership." ECF 230 at 1. Not only is it improper to raise this new issue in reply, but there is no merit to Plaintiffs' apparent argument that the Court is required to overlook Plaintiffs' numerous violations of 17 U.S.C. § 204(a)—which unambiguously states that a transfer of a copyright interest "is not valid" absent a writing signed by the copyright owner—on the spurious basis that *Defendants* "do not claim to own" the works at issue. Under Plaintiffs' overbroad theory, no defendant would *ever* be able to challenge any copyright plaintiff's claims of ownership; copyright plaintiffs would be relieved of any obligation to prove they actually own rights to the works they claim; and a fundamental threshold requirement of a copyright claim would become a dead letter. *See, e.g., Feist Pubs., Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement… [a plaintiff must prove] ownership of a valid copyright").

"Arguments made for the first time in a reply brief need not be considered by a court." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) (collecting cases); *see, e.g., Cumis Ins. Soc., Inc. v. CITIBANK, NA*, 921 F. Supp. 1100,

1110 n.7 (S.D.N.Y. 1009) (holding that, where "argument was raised for the first time in [party's] reply brief… it [was] not a proper basis for granting [a] motion to dismiss"). Plaintiffs failed to raise their new "standing" theory in their motion, *see* ECF 201, and may not belatedly do so in reply. At a minimum, the Court should allow Defendants to "respond to the new matters prior to the disposition of the motion." *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992). Defendants' Motion would ask the Court to strike and refuse to consider Plaintiffs' untimely (and erroneous) "standing" argument, or in the alternative grant Defendants leave to file a sur-reply "to respond to the new matters prior to the disposition of the motion."

Defendants therefore respectfully request that the Court set a pre-motion conference in connection with Defendants' proposed Motion as soon as practicable.

Respectfully,

*/s/ Michael S. Elkin*
WINSTON & STRAWN LLP
Michael S. Elkin
Thomas Patrick Lane
Erin R. Ranahan
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-Mail:  melkin@winston.com
E-Mail:  tlane@winston.com
E-Mail:  eranahan@winston.com

*Attorneys for Defendants William Sagan, Norton LLC, Bill Graham Archives, LLC, d/b/a Wolfgang's Vault, Bill Graham Archives, LLC, d/b/a Concert Vault, Bill Graham Archives, LLC d/b/a Music Vault and Bill Graham Archives, LLC d/b/a Daytrotter*

cc: All Counsel of Record (via ECF)